```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------- x
GOVERNMENT EMPLOYEES INSURANCE CO.,      :
et al.,                                  :
                                         :
                Plaintiffs,              :
                                         :   **ORDER ADOPTING REPORT**
    -against-                            :   **AND RECOMMENDATION**
                                         :
                                         :   No. 14 Civ. 3775 (KAM)(SMG)
LEONID SIMAKOVSKY, D.C., PUGLSEY         :
CHIROPRACTIC, P.L.L.C., CANON            :
CHIROPRACTIC CARE, P.C., ANDREY          :
ANIKEYEV, ALEXANDER SANDLER, and JOHN    :
DOE DEFENDANTS 1-5,                      :
                                         :
                Defendants.              :
---------------------------------------- x
```
**MATSUMOTO, United States District Judge:**

On June 17, 2014, plaintiffs Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company, and GEICO Casualty Co. (collectively, "GEICO" or "plaintiffs") commenced this action against defendants Leonid Simakovsky, D.C. ("Simakovsky"), Pugsley Chiropractic, P.L.L.C., and Canon Chiropractic Care, P.C. (collectively, the "PC Defendants"), Andrey Anikeyev and Alendander Sandler (collectively, the "Management Defendants"), and John Doe Defendants 1-5. (ECF No. 1, Complaint ("Compl.") dated 6/17/14.) Plaintiffs allege that defendants engaged in a scheme to submit fraudulent claims for reimbursement pursuant to New York's "no fault" law, which allows medical service providers to obtain payment from insurers for services provided to insureds

who are injured in motor vehicle accidents.  (*See generally* Compl.)  The summons and complaint were served upon defendant Sandler on July 23, 2014.  (ECF No. 18, Affidavit of Service dated 7/29/14.)

The Clerk of Court entered a certificate of default against defendants Simakovsky and the P.C. defendants on July 28, 2014, and against the Management defendants on October 21, 2014, because the defendants had failed to appear or otherwise defend this action after being served with process.  (ECF Nos. 15-17, Clerk's Entry of Default Against Simakovsky and P.C. defendants, dated 7/28/14; ECF No. 21, Request for Certificate of Default Against Alexander Sandler; ECF Nos. 23-24, Clerk's Entry of Default against Anikeyev and Sandler, dated 10/21/14.) Plaintiff moved for entry of default judgment against all defendants on February 6, 2015 and filed an affidavit of service on February 10, 2015.  (ECF Nos. 25, Notice of Motion for Default Judgment, 2/6/15; 28, Affidavit of Service, dated 2/10/15.)  On April 23, 2015, the court referred the motion for default judgment to Magistrate Judge Steven M. Gold for a Report and Recommendation.  (*See* Order Referring Motion, 4/23/15.)

On July 7, 2015, plaintiffs and defendants Simakovsky and the PC defendants filed a stipulation of dismissal without prejudice as to the claims against Simakovsky, Canon Chiropractic Care, P.C., and Pugsley Chiropractic P.L.L.C.  (ECF

No. 39, Stipulation of Dismissal as to Leonid Simakovsky, D.C., Canon Chiropractic Care, P.C., and Pugsley Chiropractic P.L.L.C.)  The court so-ordered the stipulation on the same date.  (Order, dated 7/7/15.)  On August 21, 2015, the plaintiff re-filed their motion for default judgment against the remaining Management defendants, Andrey Anikeyev and Alexander Sandler.  (ECF No. 40, Notice of Motion for Default Judgment, dated 8/21/15.)  The renewed motion for default judgment against Anikeyev and Sandler was served upon Sandler on August 18, 2015 at his last known address.  (ECF No. 40-2, Affidavit of Ryan Goldberg in Support of Default Judgment, ¶ 18.)

On September 6, 2015, Magistrate Judge Gold issued a Report and Recommendation (ECF No. 22, Report and Recommendation ("R & R") dated 9/6/15), in which he recommended that the court grant plaintiffs' motion for default judgment and find the Management defendants liable on plaintiffs' claims under RICO and for common law fraud and unjust enrichment.[1]  (R & R at 15.) Further, the Report and Recommendation recommended that the court award damages in the sum of $1,296,342.31 against the Management defendants, and recommended that the damages be

---

[1] As noted in the Report and Recommendation, plaintiffs filed a new motion for default judgment on August 21, 2015, with supporting documentation, however the new motion and memorandum are identical in all respects to plaintiffs' earlier submissions and differ only in that the new submissions seek default against only the non-settling Management defendants, Anikeyev and Sandler. (R & R at 2 n.1; ECF Nos. 40, Notice of Motion for Default Judgment Against Andrey Anikeyev and Alexander Sandler; 40-2, Declaration of Ryan Goldberg in Support of Motion for Default (certifying service of renewed motion papers on defendants Anikeyev and Sandler on 9/18/15).)

3

trebled for a total judgment of $4,189,026.93 to be entered jointly and severally against each defendant.[2] (R & R at 16-17.) The Report and Recommendation recommended that the amount to be obtained by plaintiffs in settlement with Simakovsky and the PC defendants should not be taken into account and "set off" when calculating the damages assessed against the Management defendants, relying on the general rule that a defendant in default "may not invoke the benefits of the set-off rule." (R & R at 18.) Finally, the Report and Recommendation recommended that fees and costs not be included in the court's final judgment, and that the court should decline to award damages on plaintiffs' state common law fraud claims. (R & R at 17.)

Notice of the Report and Recommendation was sent via first class mail to Alexander Sandler at 2 Mohawk Court, Brunswick, New Jersey 08816. (ECF No. 43, Affidavit of Service for Alexander Sandler on September 6, 2015.) As explicitly noted at the end of the Report and Recommendation, any objections to the Report and Recommendation were to be filed

---

[2] Although the Report and Recommendation recommended that judgment be entered jointly and severally against defendants Anikeyev and Sandler, the court has deferred ruling on the motion for default judgment with respect to defendant Anikeyev, while Anikeyev's motion to vacate the certificate of judgment remains pending. (*See* ECF Nos. 4, Motion for Pre-Motion Conference re Proposed Motion to Vacate Certificate of Default; Minute Entry dated 9/21/15 (noting that defendant's motion to vacate the certificate of default shall be fully briefed by October 30, 2015).) Accordingly, judgment at this time shall be entered only against defendant Sandler, who, to date, has neither appeared nor filed any objections to the Report and Recommendation.

within fourteen (14) days of service of the Report and Recommendation, and no later than September 24, 2015. (R & R at 5; ECF No. 42.) The statutory period for filing objections has expired, and no objections Judge Gold's Report and Recommendation have been filed by defendant Alexander Sandler. (*See generally* Docket No. 14-CV-3775.)

In reviewing a Report and Recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where no objection to the Report and Recommendation has been filed, the district court "need only satisfy itself that that there is no clear error on the face of the record." *Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985).

Upon a careful review of the Report and Recommendation, the plaintiffs' motion for default judgment, and the supporting evidence, and considering that defendant Sandler has failed to appear or object to any of Judge Gold's well-grounded recommendations, the court finds no clear error in Judge Gold's Report and Recommendation and hereby affirms and adopts the Report and Recommendation as to Alexander Sandler. In adopting the Report and Recommendation, the court finds that defendant Sandler violated Section 1962(c) of the RICO statute

by participating in an enterprise engaged in a pattern of racketeering activity that resulted in an injury to plaintiff. Specifically, defendant Sandler participated in a scheme to defraud plaintiffs by submitting fraudulent no-fault insurance claims and extracting insurance payments from plaintiffs. The court further finds that defendant Sandler is liable for civil RICO conspiracy and New York common law fraud and unjust enrichment.

Accordingly, plaintiffs' motion for default judgment is granted with respect to defendant Sandler, and judgment shall be entered against Sandler in the amount of $4,189,026.93. Plaintiffs are directed to serve a copy of this Order and Judgment on defendant Sandler at his last known address, and file proof of service on ECF within three days of the date of this Order. The Clerk of the Court is respectfully directed to enter judgment in the amount of $4,189,026.93 against defendant Alexander Sandler.

**SO ORDERED.**

**Dated**: October 5, 2015
Brooklyn, New York

_____/s/_____
**Kiyo A. Matsumoto**